UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------x

**CV 12 - 6151**

BARBARA WORRELL,
: Index No.:

Plaintiff,    :    **COMPLAINT**

-against-    **BRODIE, J.** : **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK;    :
ADMINISTRATION FOR CHILDREN
SERVICES (Ronald E. Richter, in his capacity    :
as Commissioner of ACS of the City of
New York);    :
NEW YORK STATE OFFICE OF CHILDREN    :
AND FAMILY SERVICES (Gladys Carrion,
in her capacity as Commissioner of NYSOCFS); **GO, M.J.**
THE STATE CENTRAL REGISTER    :
(Linda Joyce, in her capacity as Director of the
State Central Register);    :
JANE AND JOHN DOE (in their capacity as
Supervisors and Employees of the State    :
Central Register);

:

Defendants.

:

---------------------------------------------------------x

PLAINTIFF, BARBARA WORRELL, by her attorney, Pamela D. Hayes,

files her Summons and Complaint pursuant to F.R.C.P. 15, and respectfully

alleges, upon information and belief, as follows:

**Nature of Action**

1.    This is a civil action, pursuant to Federal Civil Rights and New York

State Law, seeking monetary damages for Plaintiff's malicious prosecution, conspiracy, defamation of character, negligence, negligent infliction of emotional distress, and violation of her federal civil rights, via the Fifth and Fourteenth Amendments of the Due Process Clause.

2.       On January 25, 2010, Plaintiff was employed as a teacher at a daycare center in Queens, New York.  On said date her name was placed in the New York State Central Registry and "indicated" (6CR ID #24284909) for maltreatment of a child at the Saratoga Family Inn Day Care, in Springfield Gardens, New York, on March 6, 2010.  Said allegations were false and negligently investigated.  Plaintiff requested the Central Register to amend the indication to unfounded.  A hearing was held on June 6, 2011, and her name kept in said registry, until she was exonerated by decision on September 14, 2011, by Diane Ciccone, a State Administrative Law Judge.  Over 18 months went by.  As a result of the actions of the New York City Administration for Children Services' negligence and that of the State of New York, Plaintiff suffered violations of due process.  Plaintiff's statutory civil rights were violated as well as a result of the negligence of the City of New York Administration for Children Services.

## JURISDICTION, VENUE and CONDITIONS PRECEDENT

3.       This action arises under 42 U.S.C. §§ 1983 and 1988, and various

2

State law provisions.

4.     Jurisdiction for plaintiff's federal claims is conferred on this Court by 28 U.S.C. §§ 1331 and 1343.

5.     Supplemental jurisdiction to adjudicate plaintiff's related State law claims is conferred by 28 U.S.C. § 1367.

6.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

7.     This action has been timely commenced.

8.     Plaintiff filed (2) timely Notices of Claim (one which was disallowed), against the City of New York.  Plaintiff also brings this action against Defendants to redress the deprivation of liberty and property rights secured by the Fifth and Fourteenth Amendments to the Constitution of the United States.

## **THE PARTIES**

9.     Plaintiff, BARBARA WORRELL, at all relevant times was, and is, a resident of the State of New York, County of Queens.

10.     Defendant, CITY OF NEW YORK, is a municipal corporation of the State of New York and is a resident of both the Eastern District of New York, and the Southern District of New York, and acted toward Plaintiff, under color of the statutes, ordinances, customs, and usage of the State and City of New York, and within the scope of their employment by Defendant City of New

3

York.  Defendant State of New York is also a governmental agency with headquarters in Albany, New York.

11.     At all times material to this Complaint, Defendant City of New York and the unnamed members of the State of New York (Office of Children and Family Services), Director of the State Central Registry acted towards Plaintiff within the scope of employment.

12.     The members of New York City Administration for Children Services (ACS), are agents and employees of the government of the City of New York.  The State of New York maintains the State Registry, and are agents and employees of the government of the State of New York.

### Initial Facts

13.     On January 25, 2010, Plaintiff's name was placed in the New York State Central Registry and "Indicated" (SCR ID #24284909) for maltreatment of a child at her place of business.

14.     Specifically, the report alleged that the child's arms were injured and bruised, by Plaintiff.

15.     An initial report was investigated and filed by the New York City Administration for Children Services without proper investigation.  As a result, Plaintiff's name was placed in the Maltreatment Register, and Indicated.

4

16.     Members of Administration for Children Services conspired together with members of the State of New York who maintain the Maltreatment Registry, to place and keep Plaintiff's name in there, thereby damaging Plaintiff's professional and personal reputation, and negligently causing Plaintiff emotional distress, and violating her civil rights.

17.     Plaintiff's name was left in the Registry for approximately 21 months, even after she asked and followed statutory procedures, she was denied her rights to a fair hearing.  Before she was exonerated at a hearing presided over by a New York State Administrative Law Judge, which is far too long for due process safeguards and considerations.

18.     The ACS discussed their allegations with numerous unnamed individuals at the Saratoga Day Care Center who conducted a campaign of whispering behind Plaintiff's back and never admitted their failure to the State authorities.

19.     Had the ACS worker been properly trained as to how to investigate and do their jobs properly, they would not have placed Plaintiff's name in the Registry nor "Indicated" her.  Furthermore, even after Plaintiff asked for an appeal of the Indicated Reference, the State still did not allow her to properly appeal said designation.

20.     Said behavior happened even after ACS learned Ms. Worrell could not have done any of the allegations.

21.     As a result Plaintiff was forced to go through a hearing which took 18 months and hire a lawyer.  These negligent actions on behalf of ACS and the State of New York caused Plaintiff to suffer humiliation, loss of professional reputation, emotional distress, and loss of income.

22.     Plaintiff timely filed her Notice of Claim against the City and even still it was disallowed because Defendant, City of New York, did not understand the tolling provision of the Statute which cause Plaintiff further emotional distress.

23.     As a result of Defendant's negligence, and conspiracy, Plaintiff's federal and state civil rights were violated.

24.     The Unnamed Defendants of New York State did not provide Plaintiff with her statutory rights and, as a result, violated her rights udner the Fifth and Fourteenth Amendments.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

25.     Plaintiff was a teacher at the Saratoga Family Inn Day Care Center, in Springfield Gardens, New York.  Said allegations happened within the City of New York, within the County of Queens, within the Eastern District of New York.

26.     The ACS is an agency of the City of New York and has offices in all

6

boroughs.  The State of New York maintains the Registry for Abused Children (SCR).

27.     On November 27, 2011, Plaintiff filed a timely Notice of Claim with the City of New York, all within the 90-day requirement to file Notices of Claim, after the Decision after Hearing.  Since that time there has been no request for a 50-h Hearing on this matter.

28.     Said lawsuit has been filed in one year and 90 days of the Decision after Hearing (FH 6291).

## PLAINTIFF'S INJURIES AND DAMAGES

29.     As a direct and proximate consequence of the aforementioned actions by the Defendant:

(A)     Plaintiff was injured monetarily, and emotionally by the City of New York Administration for Children Services, due to their negligence.  Plaintiff was denied Due Process by the State's failure to remove her name from the Indicated List, as well as to give her a fair hearing after she requested her name be removed and amended and the State refused to do so.

(B)     Plaintiff waited 19 months prosecuted until she got a hearing and was exonerated by decision 21 months later.

(C)     Plaintiff's reputation was severely damaged by having her name

7

placed in the New York State Registry and Indicating her before it could be properly investigated.

(D)     Plaintiff's emotional state was harmed due to Defendants' negligence in failing to properly retain and train their employees.

(E)     Plaintiff has expended monies for the underlying Hearing and for the legal fees for the cost of said lawsuit.

(F)     Plaintiff was publically shamed, disgraced, ridiculed and humiliated by Defendants' negligence.

(G)     Plaintiff incurred other items of attendant damages.

**BACKGROUND INFORMATION ON THE NEW YORK STATUTORY SCHEME IN REGARDS TO THE REPORTING AND RETENTION BY THE STATE CENTRAL REGISTRY**
**(Social Services Law 422, 422-a; 424; 424-a)**

**The Initial Call to the Hotline**

30.     In order to protect children from possible harm by those entrusted with their care, Defendants Office of Children and Family Services (OCFS) and SCR must maintain a seven-day-per-week, twenty-four-hour-per-day telephone hotline to accept reports from either mandated reporters or others of alleged child neglect and/or maltreatment (Soc. Serv. L. § 422(2)(a)).

31.     If the allegation received by the hotline could reasonably constitute a report of child abuse or maltreatment, then together with a narrative summary, the call is transmitted to a local child protective agency for investigation.

32.     Any calls from a mandated reporter must immediately be transmitted to a local child protective agency for investigation (Soc. Serv. L. § 422(2)(a)).

33.     New York City utilizes the Administration for Children Services as the local child protective service agency authorized to investigate allegations of abuse or maltreatment.

34.     As such, ACS or the designated Local Investigative Agency ("LIA") must investigate and determine within 60 days, whether allegations of child abuse and/or negligence are supported by some credible evidence.  If so, ACS informs the SCR that the report is "indicated."  The report is then maintained as an indicated report in the State Registry (Soc. Serv. L. § 424)7); 18 N.Y.C.R.R. § 432.3(k)).

35.     The ACS must also create and maintain a record regarding its investigation and its determination about whether a report of suspected child abuse or maltreatment is founded or not ("Record of Investigation") (Soc. Serv. L. § 424(2); 18 N.Y.C.R.R. § 432.3)).

9

## Rules Regarding Fair Hearings Regarding Indicated Reports

36.     After a report is initially indicated, the subject is advised that he/she has ninety days from receiving such Notice to request that the report be amended. The request by the subject triggers the right to a fair hearing to determine whether the report should be maintained on the Register and even if maintained whether it is relevant and reasonably related to child-care employment or licensing (Soc. Serv. L. § 424-a(2)(c); *see also* Soc. Serv. L. § 422(8)(a)(i)).

37.     If not timely contested ,the indicated report is disclosed to an authorized inquiring licensor or employer (Soc. Serv. L. § 422-a(3)).  If a timely request to amend a report is made, then SCR must immediately request, in writing, the record of investigation and other information maintained by the local child protective agency which was responsible for the investigation.  Within 20 working days of receiving SCR's written request, the ACS must forward its records, reports and/or other information to SCR (Soc. Serv. L. § 424-a(1)(e)(ii), 422(8)(a)(ii), 18 N.Y.C.R.R. §432.3(c)(7)).

38.     Within 15 working days from receipt of the Record of Investigation, SCR must determine whether the report is supported by any credible evidence (Soc. Serv. L. § 424-a(1)(e)(ii) and 422(8)(a)(ii).  If SCR finds that no credible evidence supports the report, the report is either expunged and/or sealed (Soc.

Serv. L. § 422(8)(a)(iii) and (8)(e); and Soc. Serv. L. § 424-a(1)(e)(iii)).

39.    If the report is supported by some credible evidence, then within the same 15-day period used to determine the report's credibility, SCR must further determine whether the report is relevant and reasonably related to future inquiring licensor and/or employer. If it is not, SCR is precluded from informing the employer or licensor of the existence of the indicated report but the Report is retained (Soc. Serv. L. § 424-a(1)(e)(iv), 422(8)(a)(iv)). If the report is indicated then OCFS within 90 days of the requested amendment conducts an *ex parte* internal review to determine whether there is a fair preponderance of the evidence sufficient to indicate the Report (Soc. Serv. L. §422(a) (I)).

40.    If internal administrative review does not amend or expunge, the Registry must recommend that a Fair Hearing be scheduled within the 90-day period from the request to expunge (Soc. Serv. L. § 422(8)(6)(i)).

41.    If an appeal has been requested, until the Fair Hearing is completed, SCR cannot disclose the listing to any prospective licensor or employer. *Valmonte v. Bane*, 18 F.3d 992 (2d Cir. 1994); *In the Matter of Lee TT*, 87 N.Y.2d 699 (1996). Since where there is "no hit" a clearance is issued within 10 days, the State's prolonged silence for up to one year *de facto* discloses the listing.

11

**Statutory Mandatory Consulting of the List**
**By Providers and Licensing Agencies**

42.    Except for certain designated agencies or persons who have statutory access to the State Register, the records are confidential (Soc. Serv. L. § 422(4)).

43.    Certain licensing agencies, child care providers, adoption and foster care agencies that are licensed to provide services to children, and who employ persons who will, or do, have regular and substantial contact with children, must inquire from the SCR whether the prospective licensee and/or employee is listed in the State Registry (Soc. Serv. L. § 424-a(1)(a)(b)).

44.    Until the Agency receives a response to it clearance request, applicant may only be employed under supervision.

45.    SCR has 10 days from receiving such inquiry (SCR clearance forms) to determine whether the prospective employee or licensee is the subject of an indicated report in the SCR (Soc. Serv. L. § 424-a(1)(e)).

46.    If an indicated report exists, then within 10 days a request must be made to the local child protective agency for an investigate report. The local child protective agency must, within 20 days, forward the records to SCR.

47.    No later than 90 days after a request for a review, SCR must refer the Report to schedule a Fair Hearing.

12

48.     There is no statutory time within which a Fair Hearing must be held.

## Decision and Appeal from Fair Hearing

49.     A decision must be issued within 60 days after the completion of 424-a Fair Hearing and within 90 days after a 422 Fair Hearing.

50.     An adverse Fair Hearing decision may be appealed within four months by an Article 78 Petition (CPLR 7801 et seq.). The court reviews whether the decision of the Administrative Law Judge ("ALJ") is arbitrary and capricious.

51.     While the indicated report does not automatically disqualify the applicant, a written record, as part of the application or license file must be maintained setting forth the specific reason why such person, despite the"hit", was determined to be appropriate for employment or license (Soc. Serv. L. § 424-a(2)(a).

## Retention of Report in the Child Maltreatment Registry

52.     Without regard to the seriousness of the underlying acts, whether such constitutes abuse, or maltreatment, or whether the act is intentional or unintentional, once the "indicated" Report is retained, then the Report is maintained on the Registry for up to 28 years or until 10 years after the youngest child living in the household attains his/her 18th birthday whichever is earlier (Soc. Serv. L. § 422(6).

## AS AND FOR THE FIRST CAUSE OF ACTION
## <u>CONSTITUTIONAL VIOLATION AGAINST DEFENDANTS</u>

53.    Plaintiff as against the Defendants State of New York and City of New York repeat, reiterates and re-alleges each and every allegation contained in ¶¶ 1 through 52 inclusive, with the same force and effect as if set foth at length herein.

54.    The City of New York and the State of New York, Commissioners, Directors, Managers, Supervisors and Employees, subjected Plaintiff to a pattern and practice of undue delays in processing amendment requests, as well as to give Plaintiff her statutory rights to a fair hearing.

55.    The City of New York and the State of New York, as well as their employees, should have known Plaintiff's due process rights were at risk by their failure to correct illegal procedures and policies such as conducting negligent investigations, and not giving Plaintiff a Fair Haring within a statutory framework or reasonable time frame.

56.    As a result of Defendants' actions, Plaintiff continued to be subjected to a practice and policy which places an unconstitutional burden on the fundamental liberty interest of the freedom to pursue one's livelihood.

57.    The State of New York Registry did not follow through in its

14

determination to support a subject as "Indicated." There was no ex parte internal review by State of New York. Plaintiff did not receive an initial Fair Hearing within 90 days of demand, and the length of the wait violated Plaintiff's due process rights.

58.     The actions and failures of each of the Defendants in inordinately delaying the issuance of clearances to those who have been listed and are awaiting timely requests to amend constitutes an unlawful and unconstitutional deprivation of Plaintiff's liberty and property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

59.     As a direct and proximate result of the actions fo both the City and State of New York, Defendants denied Plaintiff her constitutional rights to the amount of one million dollars.

## AS AND FOR THE SECOND CAUSE OF ACTION
## NEGLIGENCE
### (As Against the City of New York (ACS) and
### The State of New York)

60.     Plaintiff as against the Defendants City and State of New York, its commissioners, managers, directors, supervisors and employees, repeats, reiterates and re-alleges each and every allegation contained in ¶¶ 1-59, inclusive, with the same force and effect as if set forth at length herein.

15

61.    The employees of the City of New York all acted within the scope of

their employment from January 25, 2010, through September 14, 2010.  At that

time both the City and State had <u>duties</u> pursuant to Social Service Law to follow

certain procedures towards those who found themselves the subject of a child

maltreatment report.  As a result of <u>breaching said duties</u> by failing to properly

investigate the allegations, by failing to give a timely and proper investigative

report, Plaintiff was harmed and <u>damaged</u>.  Said breach was the proximate cause

of Plaintiff's injuries, to the amount of one million dollars.

### AS AND FOR THE THIRD CAUSE OF ACTION
### <u>NEGLIGENT HIRING AND RETENTION</u>
### (As Against the City of New York and
### State of New York)

62.    Plaintiff repeats, reiterates and re-alleges each and every allegation

contained in ¶¶ 1-61, inclusive, with the same force and effect as if set forth at

length herein.

63.    All Commissioners, Managers, Directors, Supervisors, and employees

were working in their capacity as employees for the City and State of New York,

between January 25, 2010, March 10, 2010, and September 14, 2011, when

Plaintiff's name was placed and indicated in the Maltreatment Register.

64.    Vicarious liability exist for social policy reasons based on an

16

enterprise system.  In this instance both the City and State were responsible for all their Commissioners, Directors, Managers, Supervisors and Employees involvement in the maintenance of the Child Maltreatment Register.  The State of New York had the responsibility of maintaining the Register as well as hearings. Defendant City of New York had responsibility of properly investigating the subjects before they were indicated and placed in the Registry.

65.     All tortuous acts were committed within the scope of Defendants' authority.  Plaintiff suffered harm and damage by virtue of Defendants' failure to exercise proper authority over its Commissioners, Directors, Managers, Supervisors and Employees, or to see that they followed rules, regulations and policies of the City and State.  Defendants' failure to know its employees were not following directives and policies is unacceptable and illegal considering both City and State were involved in similar lawsuits, and should have known about said behavior.

66.     As a direct and proximate result of the actions of the State and City of New York, Defendants were kept in the employment of both Defendants, while Plaintiff was damaged and suffered emotional and monetary damages in the amount of $500,000.

17

## AS AND FOR THE FOURTH CAUSE OF ACTION
## SUBSTANTIVE AND PROCEDURAL DUE PROCESS VIOLATIONS

**(Plaintiff Barbara Worrell as Against Defendants New York State Office of Children and Family Services, Gladys Carrion, Commissioner, City of New York, Administration of Children Services, Robert E. Ritcher, Commissioner, Jane Doe 1, Jane Doe 2, John Doe 1 and John Doe 2; Linda A. Joyce, Director, SCR)**

67.    Plaintiff Barbara Worrell against defendants New York State Office of Children 's Services, Jane Doe 1, Jane Doe 2, John Doe 1 and John Doe 2, repeats, reiterates and realleges each and every allegations contained in ¶¶ 1-66 inclusive with the same force and effect as if set forth at length herein.

68.    The actions and failure by each of the Defendants in failing to timely schedule a pre-or post- deprivation hearing after a subject has been placed on the State Registry and a timely request for expungement has been made, or to timely provide a copy of the investigative report constitutes an unlawful and unconstitutional deprivation of plaintiff's liberty and property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

69.    As a direct and proximate result of the above-named Defendants, Plaintiff Barbara Worrell has suffered personal injuries in the sum of Five

Hundred Thousand ($500,000.00) Dollars each.

## MONETARY RELIEF DEMAND

### As and For a First Cause of Action

A.    Awarding compensatory damages against Defendants State of New

York, Gladys Carrion, Commissioner, New York State Office of

Children and Family Services, The City New York, Administration of

Children's Services;  Ronald  E. Richter, Commissioner, Linda A.

Joyce, Director of State Central Registry; Jane Doe 1 and Jane Doe 2,

in an amount of One Million ($1,000,000.00) Dollars to Plaintiff

Barbara Worrell.

### As and For a Second Cause of Action

B.    Awarding compensatory damages against Defendants The City of

New York, Administration of Children's Services; Ronald E. Richter,

Commissioner; John Doe 1 and John Doe 2, the amount of One

Million Dollars ($1,000,000.00) each to Plaintiff Barbara Worrell.

### As and For a Third Cause of Action

C.    Awarding compensatory damages against Defendants The City of

New York; Ronald E. Richter; John Doe 1 and John Doe 2, in the

sum of One Million Five Hundred Thousand (1,500,000.00) Dollars.

19

## As and For a Fourth Cause of Action

D.    Awarding compensatory damages against Defendants New York

State Office of Children and Family Services, Gladys Carrion,

Commissioner, Jane Doe 1 and Jane Doe 2 in the sum of five

Hundred Thousand ($500,000.00) Dollars to Plaintiff Barbara

Worrell.

E.    Awarding compensatory damages against Defendants New York

State Office of Children and Family Services, Gladys Carrion,

Commissioner, The City of New York, Administration of Children's

Services; Ronald E. Richter, Commissioner, Jane Doe 1; Jane Doe 2;

John Doe 1; John Doe 2 in an amount of One Million ($1,000,000.00)

Dollars to Plaintiff Barbara Worrell.

F.    For such other and further relief as the court deems proper, including

the award of reasonable fees and costs of litigation.


DATED:    New York, New York
          December 13, 2012

Respectfully submitted,

PAMELA D. HAYES (PH-2737)
200 West 57th Street, Suite 900
New York, New York 10019
(212) 687-8724 (Phone)
(212) 980-2968 (Fax)
E-mail:  pdhayesesq@aol.com.

*Attorney for Plaintiff*

DATED:   New York, New York
         December 13, 2012

21